1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ART GONZALES,                              No.  2:14-cv-2654 DAD P

12                    Plaintiff,

13          v.                                    ORDER

14    J. LIZZARAGA et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    action was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3                             **SCREENING REQUIREMENT**

4          The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9    U.S.C. § 1915A(b)(1) & (2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   However, in order to survive dismissal for failure to state a claim a complaint must contain more

22   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28   /////

                                            2

1    The Civil Rights Act under which this action was filed provides as follows:

2    
3    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
     deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13   their employees under a theory of respondeat superior and, therefore, when a named defendant

14   holds a supervisorial position, the causal link between him and the claimed constitutional

15   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19                          **PLAINTIFF'S COMPLAINT**

20        In the present case, plaintiff has identified Warden Lizzaraga, Dr. Wong, and the

21   California Department of Corrections and Rehabilitation as the defendants in this action.  In his

22   complaint plaintiff alleges that defendant Dr. Wong is not adequately treating plaintiff's back

23   problems.  Plaintiff alleges that he has requested to see an orthopedic specialist as well as a

24   specialist for his bowel disorder to no avail.  Plaintiff also alleges that his request for pain

25   management has gone unanswered.  Plaintiff alleges that he never told defendant Dr. Wong that

26   his back had improved, but that the doctor reported that was the case anyway because he has been

27   unable to determine what is wrong with plaintiff's back.  In terms of relief, plaintiff requests

28   adequate medical care and monetary damages.  (Compl. at 3.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

If plaintiff wishes to proceed in this action on an Eighth Amendment claim for inadequate medical care, he is advised that the United States Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

4

1    In any amended complaint plaintiff elects to file, he will need to allege facts

2    demonstrating how each named defendant's actions rose to the level of "deliberate indifference."

3    In his original complaint, plaintiff has not included any allegations against either defendant

4    Lizzaraga or the California Department of Corrections and Rehabilitation.  Moreover, plaintiff's

5    allegations against defendant Dr. Wong suggest that plaintiff may have a mere difference of

6    opinion with this defendant as to the proper course of medical treatment for his back and bowel

7    conditions.  Plaintiff is advised that mere differences of opinion between a prisoner and prison

8    medical staff as to the proper course of treatment for a medical condition do not give rise to a §

9    1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson

10   v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

11   1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

12   In addition, before it can be said that a prisoner's civil rights have been abridged, "the

13   indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

14   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

15   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also Wood v. Housewright, 900

16   F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the

17   particular facts and look for substantial indifference in the individual case, indicating more than

18   mere negligence or isolated occurrences of neglect.").

19   Finally, delays in providing medical care may manifest deliberate indifference.  Estelle,

20   429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in

21   providing care, however, a plaintiff must allege facts showing that the delay was harmful.  See

22   Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood, 900

23   F.2d at 1335; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of

24   State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not

25   show his harm was substantial; however, such would provide additional support for the inmate's

26   claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091,

27   1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

28   /////

1   Plaintiff is informed that the court cannot refer to a prior pleading in order to make

2   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

3   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

4   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

5   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

6   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

7   and the involvement of each defendant must be sufficiently alleged.

8   **CONCLUSION**

9   Accordingly, IT IS HEREBY ORDERED that:

10   1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 4) is granted.

11   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

12   shall be collected and paid in accordance with this court's order to the Director of the California

13   Department of Corrections and Rehabilitation filed concurrently herewith.

14   3. Plaintiff's complaint is dismissed.

15   4. Plaintiff is granted thirty days from the date of service of this order to file an amended

16   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

17   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

18   assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

19   complaint in accordance with this order will result in a recommendation that this action be

20   dismissed without prejudice.

21   5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

22   rights action.

23   Dated:  March 5, 2015

24

25   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

26

27   DAD:9
     gonz2654.14a

28

6